# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SPRINGFIELD ENGINEERING CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-3123-CV-W-BP |
| | ) | |
| BIG-D CONSTRUCTION MIDWEST, LLC, | ) | |
| and DAIRY FARMERS OF AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO STRIKE

Pending are Plaintiff's Motions to Strike, (Docs. 17 and 18), which seek orders striking Defendants' affirmative defenses. For the following reasons, the motions are **DENIED.**

## I. BACKGROUND

The Petition Plaintiff filed in state court, (Doc. 1-1, pp. 4-16), alleges that Defendant Dairy Farmers of America, ("DFA"), retained Defendant Big-D Construction Midwest, ("Big-D"), to serve as the general contractor on a construction project. In turn, Big-D subcontracted with Plaintiff to perform work on the project. Plaintiff asserts various claims arising from its allegation that it was not paid. DFA and Big-D filed separate Answers, both of which include affirmative defenses. (Doc. 12; Doc. 14.) The affirmative defenses are similar, and in general allege that (1) Plaintiff has failed to state a claim for which relief can be granted, (2) Plaintiff's claims are subject to equitable and legal defenses, including laches, unclean hands, and setoff, (3) Plaintiff has not complied with various requirements for perfecting a mechanic's lien, (4) Plaintiff breached first, and (5) Plaintiff failed to mitigate damages. (Doc. 12, pp. 10-12; Doc. 14, p. 9.)

Plaintiff contends that Defendants' affirmative defenses have not been pleaded with sufficient particularity as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendants argue that *Twombly* and *Iqbal* do not apply to affirmative defenses. As discussed below, the Court agrees with Defendants and the Motions to Strike are **DENIED**.

## II. DISCUSSION

A plaintiff may seek an order striking an insufficient defense. Fed. R. Civ. P. 12(f). Plaintiff contends that Defendant's affirmative defenses are insufficient because they do not contain the specificity required by *Iqbal* and *Twombly*. The Eighth Circuit has not addressed whether *Iqbal* and *Twombly* apply to affirmative defenses. The undersigned has previously considered this issue and concluded that *Iqbal* and *Twombly* do not apply to affirmative defenses. *Hiskey v. Musician's Friend, Inc.,* No. 16-00279 (W.D. Mo. July 11, 2016) (Doc. 27, pp. 2-4); *see also Capital One, NA v. Henry Wurst, Inc.,* No. 18-0226 (W.D. Mo. July 17, 2018); *Campbell v. Plaza Services, LLC,* No. 18-0154 (W.D. Mo. June 22, 2018) (Doc. 22, pp. 2-3.)

First, before *Iqbal* and *Twombly* were decided, the Eighth Circuit determined that an affirmative defense based on the statute of limitations does not need to be pleaded with any degree of particularity. *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). There is no reason to think the Eighth Circuit meant to establish one rule for defenses based on the statute of limitations and a different rule for all other affirmative defenses. The Eighth Circuit has also held that "[t]he rules . . . only require a defendant to state in short and plain terms its defenses to a plaintiff's claim." *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997). This was the state of the law with respect to affirmative defenses when *Iqbal* and *Twombly* were decided, and those two cases do not compel the conclusion that the Eighth Circuit's approach was

wrong. As another district judge in this Circuit has observed, "[t]he Eighth Circuit, if presented with the question, might well conclude that *Zotos* has been abrogated by *Iqbal* and *Twombly* . . . . But *Zotos* is squarely on point, and *Iqbal* and *Twombly* are not, which means *Zotos* remains the law of this Circuit." *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015). This Court is not empowered to decide that *Zotos* and other, similar cases from the Eighth Circuit are no longer valid. Furthermore, since the Court issued its Order in *Hiskey* in 2016, there has been no binding authority applying *Iqbal* and *Twombly* to affirmative defenses.

Second, the textual difference between Rule 8(a)(2) and Rule 8(b)(1)(A) augments the Court's conclusion. Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (emphasis supplied). As *Twombly* explains, demonstrating an entitlement to relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. In contrast, Rule 8(b)(1)(A) does not require that a defendant plead the basis for an affirmative defense; it only requires that the defendant "state in short and plain terms it defenses." This difference in the Rules' requirements demonstrates that *Iqbal* and *Twombly* do not compel the conclusion that the Eighth Circuit's prior decisions are invalid.

Third, application of *Iqbal* and *Twombly* to defenses is impractical. Another district judge in this Circuit has succinctly summarized the matter:

> [P]laintiffs and defendants are in much different positions. Typically, a plaintiff has months—often *years*—to investigate a claim before pleading that claim in federal court. By contrast, a defendant typically has 21 days to serve an answer. Fed.R.Civ.P. 12(a)(1)(A)(i). Whatever one thinks of *Iqbal* and *Twombly,* the "plausibility" requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.

*Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010). It is theoretically possible (as some district judges have held) to require a defendant to "wait" and then seek leave to amend the Answer to assert affirmative defenses as they are gleaned during discovery, but this would unnecessarily complicate and prolong the litigation. "Plaintiffs would often resist those motions on the grounds that the proposed affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties." *Id*. at 1052. In contrast, there is little harm to leaving affirmative defenses in place because "[i]n a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary." *Id.* Similarly, some of the defenses (such as the "defense" denying Plaintiff's allegations) are not really defenses at all; their presence does not aid Defendants and their absence does not aid Plaintiff. Finally, some defenses are not "self-executing;" in other words, they require an additional motion in order for Defendant to present the issue. For instance, the various defenses contending that Plaintiff has failed to state a claim or properly alleged its entitlement to a mechanic's lien will not help Defendants absent a motion to dismiss or a motion for judgment on the pleadings. Therefore, the presence of these defenses does not cause any hardship to Plaintiff.

For the reasons stated above, Plaintiff's Motions to Strike Defendants' affirmative defenses based on *Iqbal* and *Twombly* is denied.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motions to Strike Defendants' affirmative defenses are **DENIED.**

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: August 8, 2018　　　　　　　　　　　UNITED STATES DISTRICT COURT